UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES DAHER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-CV-940 JD |
| MARK SEVIER, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

James Daher, Jr., a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 10.) The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Daher is complaining about events that occurred while he was housed at the Miami Correctional Facility ("Miami"). These events began in September 2011, when Daher was reclassified as a security risk and escorted to the segregation unit by two unknown guards. He claims

he did not actually pose a security risk, and instead prison officials had ordered the transfer in retaliation for grievances he had filed. While he was in the segregation unit, two more guards came and told him they had been ordered to confiscate his legal papers and other personal property. He claims they commented to him that "maybe . . .[if he] quit filing grievances and causing trouble in court" he would have an easier time in prison.

He further claims that the conditions of confinement in the segregation unit were unduly harsh. For the first eight days he was denied soap, showers, a toothbrush, toothpaste, clean clothing, clean bedding, and shaving supplies. During the remainder of the 32 days he was in segregation, he was given only a thin blanket, and was subjected to excessively cold temperatures and excessive noise. As a result of these conditions he had difficulty sleeping and lost 14 pounds. At the end of this period, Daher was transferred to Wabash Valley Correctional Facility ("Wabash Valley"), where he is presently housed. He claims that during the transfer much of his legal work pertaining to two pending lawsuits was lost or destroyed.

Based on these events, he sues the two unknown guards who escorted him to segregation ("Unknown Correctional Officers #1 and #2"); the two unknown guards who confiscated his personal property ("Unknown Correctional Officers #3 and #4"); Miami Superintendent Mark Sevier; Miami Assistant Superintendent Laurie Johnson; IDOC Classification Analyst James Cesnar; and IDOC Commissioner Bruce Lemmon. He seeks a total of $8.5 million in compensatory and punitive damages from each defendant.

Daher first alleges unlawful retaliation in violation of the First Amendment. To establish a claim of retaliation, the plaintiff must allege: (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the

future, and (3) the defendant's action was motivated by the protected activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Furthermore, a prisoner has a First Amendment right to use the prison grievance process. *Id.* Here, Daher claims that because he filed grievances complaining about various prison conditions, he was transferred to segregation for no valid reason, subjected to unduly harsh living conditions, and then transferred to another facility. Although further factual development may show there were legitimate penological reasons for changing Daher's security classification and transferring him to a different facility, giving him the inferences to which he is entitled at this stage, he has alleged a plausible First Amendment retaliation claim.

The amended complaint is not a model of clarity regarding who Daher is trying to hold liable in connection with this claim. Giving the complaint liberal construction, it can be read to allege that Sevier, Johnson, and Cesnar were personally involved in the decision to change his classification, move him to segregation, and transfer him to another facility because of the grievances he had filed. At this stage Daher does not know exactly who among them made the various decisions, but this is not fatal to his claim. *See Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 789-90 (7th Cir. 1995) (observing that a *pro se* prisoner complaint should not be dismissed simply because the prisoner does not know who among a group of defendants wronged him, since an inmate's "opportunities for conducting a precomplaint inquiry" are "virtually nil"). Daher has alleged enough to proceed further against these defendants.

As to Lemmon, however, the only allegation is that Daher wrote him a letter and he failed to respond or otherwise "correct the issue." Lemmon cannot be held liable simply because he oversees operations within the IDOC. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (holding that under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds

. . . not for anyone else's."); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (no general *respondeat superior* liability under 42 U.S.C. § 1983). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights[.] Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job . . . . [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595. In other words, simply receiving correspondence from Daher does not make Lemmon liable for a First Amendment violation committed by other prison staff. *See id.* Similarly, as to the four unnamed guards, Daher does not allege, nor can it be plausibly inferred, that they had authority to change his security level, house him in segregation, or transfer him to a different facility. *See Billman*, 56 F.3d at 789 (observing that defendant must have both the subjective knowledge and the authority over the challenged issue to be held liable for deliberate indifference). Instead, Daher makes clear these decisions were made by higher-ranking officials. For these reasons, Daher will be permitted to proceed against Sevier, Johnson, and Cesnar on a retaliation claim.

Daher's complaint can also be read to allege an Eighth Amendment claim pertaining to the conditions of confinement in the segregation unit. In evaluating a conditions of confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the objective prong, the inmate must show he was denied "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Prisons do not have to comfortable, but inmates are entitled to adequate food, clothing, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions

4

of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. To satisfy the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, Daher alleges that he was denied hygiene products, showers, clean bedding, and clean clothes for a period of eight days, and that for nearly a month he was given inadequate bedding and subjected to excessive noise and cold. He claims that because of these conditions he lost 14 pounds and suffered a significant amount of emotional distress. He has alleged enough to satisfy the objective prong. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008) (lack of proper bedding constituted denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (inmate's allegation that he was housed in a strip cell for approximately 10 days without adequate heat, clothing, and bedding stated a constitutional claim). On the subjective prong, the complaint can be read to allege that Sevier and Johnson purposely housed him under these conditions to punish him for filing grievances at the prison. Accordingly, Daher will be permitted to proceed on an Eighth Amendment claim against these defendants. There is nothing to suggest personal involvement by the other defendants regarding the conditions of Daher's confinement.

Finally, Daher claims that the defendants interfered with his right of access to the courts by confiscating his legal materials. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* Furthermore, the court must bear in mind that prison officials are afforded discretion in regulating how and when inmates are given access to legal materials. *See Lewis*, 518 U.S. at 351-52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Here, it is clear Daher is upset the guards would not let him keep his legal materials in his cell, and that some of his legal materials were lost when he was transferred. As explained above, this alone does not give him an actionable First Amendment claim. Daher references two state court cases that he claims were negatively impacted by his lack of access to the legal materials, but he does not plausibly allege prejudice to a potentially meritorious legal claim in connection with either case. Regarding the first case, he attaches documentation showing that he missed the deadline for filing a petition to transfer with the Indiana Supreme Court during the time he was in segregation. (DE 10 at 17.) The case pertained to Daher's demand that the IDOC provide him with a shirt and pants rather than a jumpsuit. (*Id.*) Daher's preference for a particular type of clothing would not present a valid Eighth Amendment claim. *See Farmer*, 511 U.S. at 834 (Eighth Amendment claim lies when inmate has been denied "the minimal civilized measure of life's necessities"); *Delaney*

6

*v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001) ("extreme deprivations are required to make out a conditions-of-confinement claim"); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (prisoners "cannot expect the amenities, conveniences, and services of a good hotel."). Indeed, the Indiana Court of Appeals thoroughly considered his claim and ruled against him in a published opinion, observing that his claim fell "so far below the Eighth Amendment threshold of cruel and unusual punishment that it can fairly be characterized as a trivial complaint[.]" *See Daher v. Sevier*, 954 N.E.2d 469, 474 (Ind. Ct. App. 2011). Daher has not identified any meritorious argument he would have pursued in a petition to transfer that would have changed the outcome of that case. As such, he has not alleged a concrete injury arising from his lack of access to his legal papers. *See Lewis*, 518 U.S. at 353 n.3 (inmate cannot premise access to the courts claim on the loss of a frivolous legal claim).

The second case he references was a civil suit alleging mishandling of evidence in his criminal case and seeking the return of money apparently confiscated by the police. He does not provide specifics about his claim, but to the extent he was trying to attack the legality of his conviction through this suit, his claim would run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994). Daher cannot obtain an award of damages for violation of his right of access to the courts based on his inability to pursue a claim that would necessarily imply the invalidity of his conviction. *See Burd v. Sessler*, 702 F.3d 429, 434-35 (7th Cir. 2012) (inmate could not maintain claim for denial of access to the courts based on prejudice to a legal claim that would be barred by *Heck*). Even if he could overcome or avoid this barrier, it is apparent that he did not lose the ability to pursue this claim; instead he attaches documentation showing that he was still pursuing the claim as of October 2013, when the case was set for a hearing before a Miami Circuit judge, well after the events giving

rise to this lawsuit. (DE 10 at 34.) Based on these circumstances, he has not alleged a plausible claim for denial of access to the courts.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Mark Sevier, Laurie Johnson, and James Cesnar for retaliating against him for filing grievances in violation of the First Amendment;

(2) GRANTS the plaintiff leave to proceed against Mark Sevier and Laurie Johnson for housing him under substandard conditions in violation of the Eighth Amendment;

(3) DISMISSES Bruce Lemmon and Unknown Correctional Officers #1-4 as defendants;

(4) DISMISSES all other claims contained in the complaint;

(5) DIRECTS the U.S. Marshals Service to effect service of process on Mark Sevier, Laurie Johnson, and James Cesnar; and

(6) ORDERS Mark Sevier, Laurie Johnson, and James Cesnar to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  November 12, 2013

       /s/ JON E. DEGUILIO
       Judge
       United States District Court