UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES DAHER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-CV-940 JD |
| | ) | |
| MARK SEVIER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

James Daher, Jr., a *pro se* prisoner, is proceeding on claims that Mark Sevier, Laurie Johnson, and James Csenar ("the defendants") housed him under substandard conditions at the Miami Correctional Facility ("Miami"), and retaliated against him for filing grievances. (DE 12.) The defendants move for summary judgment on the ground that Daher failed to exhaust his administrative remedies before filing suit. (DE 24.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Nevertheless, a party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

As a preliminary matter, Daher moves to strike the defendants' reply brief. (DE 37.) He appears to argue that the defendants did not properly obtain an extension to file the brief. (*Id.* at 1-2.) However, the docket reflects that the defendants properly moved for an extension (DE 31), and the Magistrate Judge granted that request in an exercise of his discretion. (DE 34.) Daher has not identified any reason why the order granting the extension was erroneous, nor has he identified any prejudice he suffered based on the short extension that was granted. Indeed, Daher himself was granted an extension to file his response brief. (DE 29.) Daher also complains that the reply was not properly served because "no electronic copy has been received" through the prison's electronic filing system. (DE 37 at 2.) It is unclear what he means by this statement. The reply was filed electronically with the court and is part of the public record. (DE 35.) If there was an error within the prison's electronic filing system, this does not making the filing improper. Furthermore, the defendants submit documentation showing that they served Daher with a copy of the reply by mail. (DE 38-1, Hear Aff. ¶ 4.) Daher acknowledges receiving a hard copy of their reply, and has submitted a "surreply" responding to the arguments raised within it. (*See* DE 36.) Under these circumstances, the court finds no basis to strike the reply brief.

Turning to the merits, the Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's

administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. When there are disputed issues of fact pertaining to whether the plaintiff exhausted or was precluded from doing so, the court is required to hold an evidentiary hearing to resolve those disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Here, the record shows that Daher was an inmate at Miami from February 27, 2002, to August 5, 2008, and again from July 8, 2010, to February 9, 2012. (DE 35-1, Heishman Suppl. Aff., ¶ 16.) The events giving rise to this lawsuit occurred in September 2011, when Daher was classified as a security risk and transferred to the segregation unit. (DE 12.) Daher claims he did not actually pose a security risk, and that prison officials ordered the transfer in retaliation for grievances he had filed. He further claims that the conditions of confinement in the segregation unit were unduly harsh. He asserts that for the first eight days he was denied hygiene products,

3

showers, clean clothing, and clean bedding. He remained in the segregation unit for another 32 days, during which time he claims to have been subjected to excessively cold temperatures and excessive noise. At the end of his time in segregation, he was transferred to Wabash Valley Correctional Facility ("Wabash Valley"), where he is presently housed. (*Id.* at 2.)

Since 2005, pursuant to Indiana Department of Correction ("IDOC") policy, Miami has had a grievance procedure under which inmates can grieve a broad range of issues, including their living conditions and the actions of prison staff. (DE 25-1, Heishman Aff. ¶¶ 7-12; IDOC Manual of Policy & Procedures, No. 00-02-301 § V.) The grievance process has three steps: an attempt at informal resolution; submission of a formal grievance; and submission of an appeal. (DE 25-1, Heishman Aff. ¶¶ 13-22.) The first step requires the inmate to try to resolve his dispute informally by contacting an appropriate staff member within five working days of the underlying incident. (*Id.* ¶ 13.) If the issue cannot be resolved informally, the inmate must file a formal grievance. (*Id.* ¶ 18.) The formal grievance must be filed no later than 20 working days from the incident giving rise to his complaint. (*Id.*) If dissatisfied with the grievance response, the inmate must submit a formal appeal within 10 working days. (*Id.* ¶ 22.)

A record is kept of all inmate grievances, and those records reflect that Daher filed several grievances while he was housed at Miami. (*Id.* ¶¶ 25-35.) However, none of those grievances pertain to alleged acts of retaliation or the conditions of confinement in the segregation unit during September 2011.[1] (*See* DE 25-1 at 7-11.) Based on these records, the defendants move for summary judgment in their favor. (DE 25.)

---

[1] Prison records show Daher filed a grievance in March 2006 about foods served at breakfast; a grievance in April 2006 regarding a lack of toilet paper; a grievance in October 2006 about the quality of the juices served at breakfast; a grievance in May 2008 about watered down gravy; and a grievance in February 2011 complaining that he was given canvas shoes instead of boots. (DE 25-1 at 7-11.)

Daher filed a response to the motion disputing the defendants' assertions. (DE 30.) He claims he did file grievances about the matters raised in his complaint which were mishandled by prison staff.[2] He submits what purports to be a grievance he filed on September 12, 2011, in which he complained about having been transferred to segregation for retaliatory reasons and about the harsh conditions in the segregation unit. (DE 30-2 at 6.) He also submits what purports to be a "Return of Grievance" form given to him by Clair Barnes, the prison's executive assistant, on November 7, 2011. (*Id.* at 7.) This form advised Daher that his grievance was being rejected for the following reasons: his "complaint seem[ed] to be submitted on behalf of another person or group"; the form did not contain his IDOC number; and the form was "not completely filled out." (*Id.*) The return of grievance form advised Daher that he had five working days to correct these issues and resubmit his grievance. (*Id.*) As Daher points out, the grievance form in question is fully completed, contains his IDOC number, and was not submitted on behalf of a group. (*See id.* at 6.) Daher believes Barnes concocted these reasons to reject his grievance. (DE 30 at 2-3.) He nevertheless claims to have complied with her instructions and resubmitted the grievance on November 9, 2011. (*Id.* at 8.) He does not know what happened to this second grievance, but he claims that prison staff—particularly Barnes—had a practice of failing to document grievances in order to prevent inmates from exhausting. (DE 30 at 8-10.)

---

[2] Daher also argues that he filed classification appeals and sent letters complaining about what occurred, but actions taken outside the formal grievance process do not satisfy 42 U.S.C. § 1997e(a). *Pozo*, 286 F.3d at 1025. Nor do grievances Daher filed at Wabash Valley pertaining to issues occurring at that facility demonstrate exhaustion as to the claims he is pursuing in this lawsuit. (*See* DE 30-2 at 26, 29-30.)

The defendants filed a reply, and they argue that Daher "fabricated" the documents he submitted to the court.[3] (DE 35 at 1.) They assert that no such grievances were ever filed, and claim that Daher must have drafted them after the fact for purposes of this litigation. They urge the court to conclude that Daher did not exhaust his available administrative remedies and grant summary judgment in their favor. (*Id.* at 4.) The difficulty with the defendants' argument is that it requires the court to make a credibility determination. Whether Daher is telling the truth about submitting these grievances is not a matter that can be determined without an evidentiary hearing. *See Pavey*, 544 F.3d at 742; *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (observing that on summary judgment the court cannot "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts").

Accordingly, summary judgment cannot be granted based on the present record. The motion will be denied. Unless the defendants elect to withdraw their exhaustion defense, it will be necessary to hold a hearing pursuant to *Pavey* to resolve the following issues: (1) whether Daher submitted a formal grievance on September 11, 2011; (2) whether his grievance was returned to him unfiled for the reasons listed on the return of grievance form dated November 7, 2011; (3) whether Daher resubmitted the grievance on November 11, 2011; and (4) if so, how the resubmitted grievance was handled by prison staff.

For these reasons, the plaintiff's motion to strike (DE 37) is **DENIED.** The defendants' motion for summary judgment (DE 24) is **DENIED**. Within fourteen (14) days of this order, the defendants are **ORDERED** to file a notice advising the court whether they elect to waive their

---

[3] The defendants do not dispute the authenticity of the return of grievance form authored by Barnes, but in their view, Daher must have taken the form from a response to another grievance he filed. (DE 35 at 2.)

exhaustion defense or proceed with a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

    SO ORDERED.

    ENTERED:  August 28, 2014

                                              /s/ JON E. DEGUILIO  
                                           Judge  
                                           United States District Court