UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES DAHER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-CV-940 JD |
| | ) |
| MARK SEVIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

On November 30, 2015, United States Magistrate Judge Christopher A. Nuechterlein issued a report and recommendation in which he recommended that the claims against Mark Sevier, Laurie Johnson and James Csenar be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). (DE 78.) Plaintiff James Daher, Jr., a *pro se* prisoner, filed a timely objection to the report and recommendation. (DE 79.)

In this case, Daher alleges that Mark Sevier, Laurie Johnson, and James Csenar (collectively "the defendants") housed him under substandard conditions at the Miami Correctional Facility, and retaliated against him for filing grievances. (DE 12.) As a preliminary matter, the defense of failure to exhaust administrative remedies was raised. To resolve this issue, on October 20, 2015, the assigned magistrate judge conducted an evidentiary hearing pursuant to a referral made by this court. (DE 41, 77.) The questions to be answered were: (1) whether Daher submitted a formal grievance on September 12, 2011; (2) whether his grievance was returned to him unfiled for the reasons listed on the return of grievance form dated November 7, 2011; (3) whether Daher resubmitted the grievance on November 9, 2011; and (4) if so, how the resubmitted grievance was handled by prison staff. (DE 50.) The witnesses and

evidence presented at the hearing were fully set forth by the magistrate judge and will be recounted here only where necessary to the court's analysis. Based on the testimony and evidence presented, the magistrate judge found that Daher did not properly exhaust his administrative remedies before filing suit. (DE 78.)

In determining that Daher did not file a formal grievance on September 12, 2011, (hereinafter "Grievance"), the magistrate judge credited the testimony of Angie Heishman, administrative assistant at the Miami Correctional Facility, Clair Barnes Beaver ("Barnes"), former litigation supervisor at Miami, and Amanda Tobin ("Tobin"), a counselor at Miami. These witnesses testified about the prison grievance process and that, according to the records at Miami, Daher did not file the Grievance, nor did he resubmit it on November 9, 2011. The witnesses also testified that Daher doctored an unrelated November 7, 2011, Return of Grievance form to make it appear as though the prison had rejected his Grievance. Based upon Miami having no record of Daher filing the Grievance, along with the fact that Daher falsified documents to make it appear as though he exhausted his administrative remedies, the magistrate judge concluded that Daher never filed the Grievance. (DE 78.)

Here, Daher raises the three following objections to the report and recommendation: (1) he was denied a right to call witnesses at the hearing; (2) he filed the Grievance; and (3) he was not required to exhaust his administrative remedies because his claim is non-grievable. (DE 79.) The third objection is irrelevant as it was neither a finding in the report and recommendation nor an issue to be decided in this case.[1] (DE 41, 78.) Clearly, the report and recommendation

---

[1] Not only is this argument outside the scope of the order of referral, but the argument is misplaced. Daher's amended complaint is premised on the defendants' alleged misconduct. Daher alleges that the defendants placed him in segregation and later transferred him to another prison in retaliation for filing grievances. This retaliation claim is what Daher was given leave to proceed on, and challenging the action of a staff member, such as retaliation, is a

focuses on whether Daher exhausted his administrative remedies. The court will address Daher's remaining two objections.

The court's review of the contested portions of the magistrate judge's report and recommendation is *de novo.* 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The court is not required to hold further hearings to review the magistrate judge's findings simply because witness credibility is at issue. *See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980).

Daher's first objection is that he was denied the right to call witnesses. Daher claims that if he could have called witnesses and presented evidence, he would have shown that he simply made a mistake about the November 7, 2011, Return of Grievance being used to reject his Grievance. He also claims that he would have shown that Miami's computer record keeping system is unreliable. Daher's contention that he was denied the right to present his case is simply not true. The record reflects that the magistrate judge proposed holding the *Pavey* hearing in a two-step process:

> In the first step, scheduled to take place on October 20, 2015, the defendants will present evidence in an effort to meet their burden of showing that Daher failed to

---

grievable issue. (Def. Ex. A; Offender Grievance Process at 5.) Thus, Daher was required to exhaust his administrative remedies.

Nevertheless, Daher asserts that he was not required to exhaust his administrative remedies because his claim is a "classification issue." It is true that the offender grievance process is not used to contest a prison's "classification actions or decisions." (Def. Ex. A; Offender Grievance Process, at 6.) However, Daher's amended complaint does not allege, nor was he granted leave to proceed on, any claim based simply on being misclassified. And to the extent he is challenging the appropriateness of his classification, without any accompanying claim of retaliation, such a claim does not violate the Constitution. Daher does not have a protected liberty interest in a particular classification. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Nor does he have the right to be housed in any particular prison. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, while Daher was not required to grieve his classification issues, he has no constitutional claim based upon them either.

3

> exhaust his administrative remedies. The evidence at this hearing will consist of defendants' witnesses and exhibits as well as Daher's testimony and any exhibits in his possession. If the defendants meet their burden and there are issues that Daher needs to rebut, he can explain to the court what further documents or witnesses he needs in order to accomplish that task. The court will then determine whether a second hearing is necessary for Daher to present that evidence.

(DE 70.) No party objected to proceeding in such a manner. (*Id*.)

After reviewing the unofficial transcript of the October 20, 2015, hearing, it is apparent that the magistrate judge repeated this procedure at the start of the hearing. Then, at the conclusion of the hearing, the magistrate judge asked Daher if he desired to present any further evidence, to which Daher said, "No, sir." Daher also declined the opportunity to submit further briefing. Notably, Daher does not identify what witnesses or evidence he asked for at the hearing, which were refused.

Even now, while he generally complains that he could have been able to explain away his alleged fraud and the fact that Miami had no record of his Grievance, he fails to identify what additional evidence or witnesses would have accomplished this task. Surely, he could have attempted to explain these things on his own, but he declined to testify. Upon review, the court finds Daher was never denied the opportunity to present witnesses or evidence at the hearing and he received a fair opportunity to present his case. Accordingly, this objection is overruled.

Daher's second challenge goes to the magistrate judge's finding that he did not file the Grievance. This objection is general in nature and Daher does not specify what portion of the magistrate judge's report and recommendation he is challenging. He essentially objects to the recommended outcome rather than pointing this court to specific areas where the magistrate judge misconstrued the law or the facts. Nevertheless, the court will attempt to address his contention.

4

This much is clear: the defendants initially filed a motion for summary judgment because Miami had no record of Daher filing a grievance for the events he sues about in this lawsuit. In response, Daher produced the Grievance and the doctored Return of Grievance. Because Miami has no record of the Grievance ever being filed or rejected, the court must believe Daher to find that any such grievance was filed. Unfortunately for him, as the magistrate judge fully and accurately explained in his report and recommendation, Daher's assertion that Miami rejected his Grievance via the November 7, 2011, Return of Grievance was a lie.

In fact, Daher now admits that the November 7, 2011, Return of Grievance is not related to the Grievance. However, he claims that he was simply mistaken and confused about whether that Return of Grievance form accompanied the Grievance. Such an excuse is untenable. This was not just a mistake. Daher did not merely put the wrong Return of Grievance form with the wrong grievance. He took affirmative steps to doctor the November 7, 2011, Return of Grievance to make it appear as though it rejected the Grievance. This is fraud. And, since he committed fraud in presenting his Return of Grievance, he is not credible.

The court refuses to believe that Daher filed the Grievance, but Miami failed to properly make a record of it. The more likely scenario is that Miami has no record of the Grievance because Daher never filed it. Daher seemingly created the Grievance in an attempt to defeat the defendants' motion for summary judgment. Daher's use of the Grievance, like his use of the November 7, 2011, Return of Grievance, is fraudulent. As such, the court agrees with the magistrate judge in finding that Daher did not file the Grievance, nor did he resubmit it on November 9, 2011. Accordingly, this objection is overruled.

For these reasons, the court:

(1) **OVERRULES** the plaintiff's objections (DE 79);

(2) **ADOPTS** the report and recommendation of the magistrate judge; and

(3) **DISMISSES** Mark Sevier, Laurie Johnson and James Csenar from this case **WITHOUT PREJUDICE** for the plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: April 13, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court