UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES DAHER, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:13-CV-940 JD-MGG |
|  | ) |  |
| MARK SEVIER, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

James Daher, Jr., a *pro se* prisoner, was granted leave to proceed on a First Amendment claim that the defendants placed him in segregation in retaliation for filing grievances at the Miami Correctional Facility (Miami). ECF 12. Daher was also given leave to proceed on an Eighth Amendment claim that he was purposely housed under substandard conditions while in segregation. *Id.* Following a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the court found that Daher had not exhausted his administrative remedies as to these claims and dismissed this case. ECF 80. However, the Seventh Circuit ruled that a second *Pavey* hearing was necessary and the case was remanded. *Daher v. Sevier*, 724 Fed. Appx. 461 (7th Cir. 2018). On March 5, 2018, the court referred this matter to Magistrate Judge Michael Gotsch for a second *Pavey* hearing to resolve the following factual disputes:

> (1) whether Daher submitted a formal grievance on September 12, 2011;
> (2) whether his grievance was returned to him unfiled for the reasons listed on the return of grievance form dated November 7, 2011; (3) whether Daher resubmitted the grievance on November 9, 2011; and (4) if so, how the resubmitted grievance was handled by prison staff.

ECF 50; 108.

Now, in a bit of a surprising move, Daher has filed a motion for summary judgment, arguing that a second *Pavey* hearing is unnecessary. ECF 115. Daher argues that evidence introduced at the first *Pavey* hearing establishes he was not required to exhaust his administrative remedies. Consequently, Daher seeks summary judgment on the issue of exhaustion and requests to move on to the merits of his case.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, Daher alleges that the evidence introduced at the prior hearing undisputedly shows that his claims in this lawsuit were not grievable under Miami's policies. ECF 120 at 6. His argument is premised on the fact that classification, housing assignment and segregation issues are not grievable and, therefore, he had no

obligation to use the grievance process prior to filing his lawsuit. ECF 120 at 6. It is true that the prior hearing established that issues such as classification, housing assignment and placement in segregation are not grievable matters; they are classification matters. ECF 102 at 20, 59. And, at Miami, classification matters are non-grievable. ECF 120-1 at 2. Nevertheless, as the court has pointed out before, ECF 80 at 3, fn 1, Daher's claims are not simply that he was misclassified and erroneously placed into segregation.[1]

Instead, Daher was given leave to proceed on claims based on the defendants' alleged misconduct. Daher's First Amendment claim is that the defendants retaliated against him for filing grievances. ECF 12 at 2, 3, 8. His Eighth Amendment claim is that the defendants housed him under substandard conditions. Id. at 4, 5, 8. The evidence introduced at the hearing established that both of these issues were grievable at Miami. Def. Ex. A; Offender Grievance Process at p. 5; ECF 102 at 16, 60. Thus, contrary to Daher's belief, evidence from the first *Pavey* hearing indicates that Daher was required to exhaust his available administrative remedies before filing this lawsuit. ECF 102 at 16, 80. Consequently, Daher has failed to show that he is entitled to judgment in his favor as a matter of law.

---

[1] If they were, then Daher would not have been required to exhaust his administrative remedies. But, that would not get Daher very far because simply challenging the appropriateness of his classification would not violate the constitution. *Sandin v. Connor*, 515 U.S. 472, 486 (1995); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Simply put, while Daher is correct that he would not be required to grieve simple classification issues, he would have no constitutional claim based upon them either.

Nevertheless, if Daher still believes that he was not required to exhaust his available administrative remedies with respect to the claims he brings in this lawsuit, he can present evidence and argument on that point at the upcoming *Pavey* hearing.

For these reasons, the motion (ECF 115) for summary judgment is DENIED. The scheduled September 26, 2018, *Pavey* hearing before Magistrate Judge Gotsch is REAFFIRMED.

SO ORDERED.

ENTERED: August 14, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court