UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES DAHER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>MARK SEVIER, et al.,<br><br>Defendants. | CAUSE NO.: 3:13-CV-940-JD-MGG |

OPINION AND ORDER

James Daher, Jr., a prisoner without a lawyer, filed an *ex parte* motion under seal asking the court to appoint a forensic computer expert to assist him with his case. ECF 203. Daher insists that such an expert is necessary in order to adequately present his response to the Defendants' exhaustion defense at the upcoming *Pavey* hearing. *Id*.

A court, in its discretion, may appoint an expert for an indigent plaintiff pursuant to Federal Rule of Civil Procedure 706 in appropriate cases. *See Ledford v. Sullivan*, 105 F.3d 354, 358–61 (7th Cir. 1997); Fed. R. Civ. P. 706. Court-appointed experts are generally utilized in these types of cases only if "scientific, technical, or other specialized knowledge" will help the trier-of-fact understand complex evidence or facts at issue. *Ledford*, 105 F.3d at 358–59 (citing Fed. R. Civ. P. 702); *see also Elcock v. Davidson*, 561 Fed. Appx. 519, 524 (7th Cir. 2014). Experts may be appointed "if necessary to help the *court* understand the issues, not to assist a party in preparing his case." *Dobbey v. Carter,* 734 Fed. Appx. 362, 364–65 (7th Cir. 2018) (emphasis in original);

*see also O'Neil v. Walker*, No. 07-3241, 2008 WL 450473, at *1 (C.D.Ill. Feb. 15, 2008). Rule 706 does not list specific factors to be considered when determining whether an expert is warranted, but the Seventh Circuit has upheld district court denials of requests for expert appointments when the issues are not complicated, when the relevant evidence can be understood by a lay person, and/or when an expert would not add to the judge's understanding of the matter at hand. *See Smith v. Shicker*, No. 16 C 1877, 2018 WL 6067249, at *1 (N.D. Ill. Nov. 20, 2018) (collecting cases). "[N]o civil litigant, even an indigent one, has a legal right" to a court-appointed expert; rather, the decision falls squarely within the court's discretion to address on a case by case basis. *Brown v. U.S.*, 74 Fed. Appx. 611, 614–15 (7th Cir. 2003) (denial of the plaintiff's motion for appointment of an expert was within the district court's discretion and thus "did not result in a due process violation").

Here, the issue at the upcoming *Pavey* hearing is whether Daher exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, the court will need to resolve the following factual disputes:

> (1) whether Daher submitted a formal grievance on September 12, 2011;
> (2) whether his grievance was returned to him unfiled for the reasons listed on the return of grievance form dated November 7, 2011; (3) whether Daher resubmitted the grievance on November 9, 2011; and (4) if so, how the resubmitted grievance was handled by prison staff.

ECF 126; *see also* ECF 50 & ECF 108. Daher believes that the "appointment of experts in this case is necessary to an adequate defense" because a forensic search of the Defendants' computers will show that they intentionally destroyed various original records he requested during the discovery process. ECF 203 at 2. Daher claims that

"Defendants are aware, and this Court is also aware, that these documents exist; that Plaintiff has possession of copies of them." *Id*. at 3 (emphasis in original). He claims that "**NONE** of the evidence subpoenaed, requested, or ordered by this Court, has been produced" with regard to the Defendants' "OGRE grievance-recording system." *Id*. at 9 (emphasis in original). Although Daher does not describe the records he seeks with any level of specificity,[1] his motion appears to be an attempt to relitigate or circumvent discovery disputes that have already been addressed by the court.

In March of 2019, less than two weeks before the previously scheduled *Pavey* hearing, Daher filed his third motion to strike the Defendants' evidence for allegedly failing to produce court-ordered documents or cooperate in discovery. ECF 184. In that motion, Daher complained that the Defendants consistently refused to produce "grievance file(s) and other correspondence to/from Theresa Littlejohn and Plaintiff," and he took issue with the Defendants' claim that the files "no longer exist."[2] *Id*. at 1–4. The court vacated the *Pavey* hearing and scheduled a telephonic status conference to address the dispute, noting:

> Daher argues the defendants have not provided him with discovery ordered by this court. In contention here is the court's order for the defendants to provide Daher with 'all records of the Indiana Department of Corrections' OGRE grievance system regarding grievances made by James Daher, Jr., under the care, custody or control of Theresa

---

[1] Throughout his motion, Daher repeatedly refers to them as "these documents" and "these files." He also mentions Theresa Littlejohn and the "OGRE" files kept by her.

[2] In response to the court's order directing the Defendants to supplement their previous discovery responses (ECF 172), they filed numerous documents but also stated that "neither Wabash Valley Correctional Facility, nor Ms. Littlejohn, have retained any original grievance file on Mr. Daher, who only resided at Wabash Correctional Facility from approximately February 9, 2012 to September 24, 2014. . . . However, copies of Daher's grievance records have been produced in his offender packet and OGRE file." ECF 180 at 2–3.

3

> Littlejohn . . ..' ECF 135 at 1-2. *See also* ECF 143 and 158. It is unclear what part of those records Daher believes he has not yet received. As noted in a prior order, 'the documents bates stamped DAHER001099 to DAHER 001207 (Daher's entire OGRE file) are in response to [that request.]" ECF 172 at 2. Those pages were served on Daher and filed with the court by the defendants. ECF 167-3 at 9-60 and 168-1 at 1-57. The bates stamp numbers are in the lower right corner of each page. A copy of these pages are attached to this order.
>
> At the telephonic status conference, Daher must explain what, if any, other documents he believes are a part of his OGRE system records which have not been given to him. In addition, Daher is concerned the original paper copies of these documents no longer exist. He believes it may be necessary for Theresa Littlejohn to attend the *Pavey* hearing to authenticate them. However, it is unclear why the defendants would object to the authenticity of any of these bates stamped documents since they provided them to him in discovery. Nevertheless, at the telephonic status conference, the defendants must state whether they have any objections to the authenticity of these bates stamped documents.

ECF 185 at 1–2. Following the telephonic status conference—during which the parties agreed to additional discovery measures that rendered Daher's third motion to strike moot—the court ordered Daher to file any and all additional documents "related to his grievance file and other correspondence that he claims were submitted to him by the Defendants prior to the previous *Pavey* hearing yet were not turned over during recent discovery" that he wishes to use at the upcoming *Pavey* hearing. ECF 188 at 1–2. The court also ordered the Defendants to evaluate those documents and file a response "either authenticating them or objecting to them." *Id*. Daher subsequently tendered various documents to the court. ECF 189 & ECF 191. The Defendants responded, noting that they were unable to authenticate many of the documents but that they "will not raise an authenticity objection at the *Pavey* hearing." ECF 195 at 1–2. They did, however, reserve the right to object to admissibility based on other grounds such as hearsay and

4

relevancy. *Id.* at 2. Daher did not file a reply. Instead, nearly three months later, he filed the instant motion—which reiterates much of the language used and arguments made in his third motion to strike—requesting an expert to "find" the original grievance files maintained by Theresa Littlejohn that were intentionally "lost, destroyed, or erased." ECF 203 at 2–3, 9–13.

The appointment of a forensic computer expert is unnecessary and unwarranted. Although Daher claims that "none" of the evidence requested has been produced, this is a mischaracterization of the record. The parties have engaged in extensive discovery since the case was remanded by the Seventh Circuit in February of 2018. Although the Defendants admit that certain original records once maintained by staff at the Wabash Valley Correctional Facility were not retained after Daher's incarceration there ended in 2014 (ECF 195 at 1), they have turned over hundreds of pages of documents, including copies of Daher's grievance records. *See e.g.* ECF 151; ECF 160 through 168; ECF 180-1. Multiple discovery disputes have been addressed and resolved by the court. *See e.g.* ECF 158; ECF 172; ECF 188. More importantly, to the extent Daher insists that a forensic computer expert is necessary to retrieve various original documents that the Defendants allegedly intentionally destroyed during the discovery process, his argument is severely undercut by the fact that Daher repeatedly states that he currently has "possession and copies" of those same documents. ECF 203 at 3, 8, 13; *see also* ECF 184 at 1–2. He has

5

filed those copies with the court. ECF 189 & ECF 191.³ The Defendants have agreed that they will not object to their authenticity. ECF 195. Thus, the original documents are not needed to address any potential questions of admissibility on grounds such as relevancy and hearsay—those same matters can be resolved using the copies Daher has provided. In essence, having an expert "find" the originals would not help the court understand any of the relevant issues related to the admissibility of the documents or the ultimate question of whether Daher exhausted his administrative remedies, neither of which are complicated or complex matters. *See Ledford*, 105 F.3d at 358–59; *Dobbey*, 734 Fed. Appx. at 364–65. Therefore, his request for the appointment of an expert will be denied.⁴

As to Daher's contention that he is entitled to an *ex parte* hearing, he is mistaken. Daher cites to *Ake v. Oklahoma*, 470 U.S. 68 (1985) and argues that "there is no reason why *ex parte* hearings on funds or appointment of experts should be considered improper." ECF 203 at 2. *Ake*, a capital murder case which held that the Constitution requires a State to provide access to a psychiatrist's assistance on the issue of an insanity defense if the defendant cannot otherwise afford one, is not applicable to the case at hand. *Ake*, 470 U.S. at 74. Rather, as noted above, in civil cases the district court has

---

³ Daher also points out that this evidence was filed with the court during the summary judgment briefing stage prior to the original *Pavey* hearing and that it was made part of the appellate record. *See* ECF 203 at 8–9 & ECF 184 at 2.

⁴ To the extent Daher's motion requests relief unrelated to his request for an expert (i.e. discovery sanctions, judgment in Daher's favor on the issue of exhaustion, etc.), these requests are also denied. Even if Daher's arguments had merit, which they do not, these types of motions must be filed separately. *See* N.D. Ind. L.R. 7-1(a).

discretion to determine whether an expert witness should be appointed under Rule 706—the Rule on its face does not mandate an *ex parte* hearing, and there is no indication that Seventh Circuit case law does either. *See* Fed. R. Civ. P. 706; *see also Ledford*, 105 F.3d at 358–61; *Elcock*, 561 Fed. Appx. at 524. Daher's argument that an *ex parte* hearing is required because subjecting him to a "public, adversarial hearing would restrict his ability to make a detailed showing of need" and would allow the Defendants "advance notice of the Court's consideration of such appointment, so that further steps could be taken to delete, destroy, or otherwise eliminate hard drives, discs or other computer files" (ECF 203 at 3) is unpersuasive and based on speculation.[5] As set forth above, it is clear that an expert is not necessary to determine the question of whether Daher exhausted his administrative remedies, so a hearing on the matter would be futile. *See U.S. v. Winbush*, 580 F.3d 503, 510 (7th Cir. 2009) (finding that, even in criminal cases, a district court judge is not required to hold an *ex parte* hearing on a defendant's request for the appointment of an expert "when the outcome is readily apparent").

Finally, although Daher ostensibly filed the motion under seal, it shall not remain so. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati*

---

[5] While the Defendants have admitted that some of the original files were not maintained after Daher's incarceration at the Wabash Valley Correctional Facility ended in 2014, they have produced copies of Daher's grievance records in his offender packet and OGRE file. Additionally, they have not objected to the authenticity of the additional documents Daher filed with the court and wishes to use at the upcoming *Pavey* hearing. Daher's claim that allowing the Defendants to receive "notice" of his request for an expert will cause further intentional destruction of records is speculative and not relevant to the issue of whether his claim was exhausted in 2011.

*Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Therefore, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Daher has not provided an adequate basis for maintaining the matter under seal.

For these reasons, the court:

(1) DENIES the motion for *ex parte* determination of plaintiff's motion for appointment of forensic experts (ECF 203);

(2) DENIES AS MOOT the related motion for expedited ruling (ECF 204); and

(3) DIRECTS the clerk to unseal those motions (ECF 203 & ECF 204).

SO ORDERED this October 16, 2019.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge